IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION
IN ADMIRALTY

| | |
|---|---|
| PLATINA BULK CARRIERS PTE LTD, ) | Civil Action No.: 2:22-cv-1851-RMG |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **VERIFIED COMPLAINT** |
| PRAXIS ENERGY AGENTS DMCC, ) | |
| PRAXIS ENERGY AGENTS LLC, and ) | |
| PRAXIS ENERGY AGENTS PTE LTD. ) | |
| ) | |
| Defendants. ) | |

Plaintiff Platina Bulk Carriers Pte Ltd., ("Plaintiff" or "Platina"), for its Verified Complaint against the Defendants Praxis Energy Agents DMCC, Praxis Energy Agents LLC, and Praxis Energy Agents Pte Ltd. ("Defendants"), allege, upon information and belief, as follows:

## THE PARTIES

1. Plaintiff, Platina Bulk Carriers Pte Ltd. ("Platina"), is a company organized and existing under the laws of Singapore with an office at 20 Kramat Lane, #02-05, United House, 228773, Singapore.

2. At all material times, Platina was the time charterer/disponent owner of the M/V OCEANMASTER, an oceangoing bulk carrier vessel registered in Liberia and bearing IMO No. 9641340.

3. Defendant Praxis Energy Agents DMCC ("Praxis Dubai") is a company said to have been organized and existing under the laws of the United Arab Emirates, purportedly with a principal place of business at Unit No: 16-03, Swiss Tower, Plot No: JLT-PH2-Y3A, Jumeirah

1

Lakes Towers, P.O Box 215503, Dubai, UAE. Upon information and belief, Praxis Dubai has closed its Dubai office and ceased doing business.

4. Defendant Praxis Energy Agents Pte Ltd. ("Praxis Singapore") is a company organized under the laws of Singapore with its principal place of business at 300 Beach Road, Suite 10-01, The Concourse, Singapore, 199555.

5. Defendant Praxis Energy Agents LLC, ("Praxis US") is a company organized under the laws of the United States with its principal place of business at 1725 Hughes Landing BLVD Ste. 890, Woodlands, TX 77380.

6. Defendants Praxis Dubai, Praxis Singapore, and Praxis US are collectively referred to herein as "Defendants."

## VENUE AND JURISDICTION

7. This matter arises out of the breach of maritime contract. This Court has subject matter jurisdiction under admiralty and maritime jurisdiction existing under 28 U.S.C. §1333. This matter also falls within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

8. As will be discussed more fully herein, Plaintiff has commenced an action in the United States District Court for the Southern District of New York against Defendants (Exhibit 1) in accordance with the General Terms and Conditions for the Sale of Marine Bunker Fuels and Lubricants ("Terms and Conditions"), the contract from which this action and the New York action arise.

9. Venue is proper in this district because there is or will be during the pendency of this action property due and owing to the Defendants within this district and in the hands of a non-party garnishee, namely Cooper & Bilbrey P.C., which has an office and place of business within this Judicial District.

10. It is believed that non-party Garnishee Cooper & Bilbrey P.C., will be holding property subject to this maritime attachment since Defendants are due to or have received proceeds from a pending action before the Honorable Richard M. Gergel, Docket No. 2:20-cv-00334-RMG in the District.

11. Pursuant to an Order dated June 8, 2022 (ECF 172), it is believed that Cooper & Bilbrey P.C., in its role as attorneys for Praxis US, is or will be in the possession of funds owed to Praxis US.

## DEFENDANTS' BREACH OF CONTRACT

12. As alleged in the New York action, on or about October 18, 2019, Platina as the time charterer/disponent owner of the M/V OCEANMASTER ordered bunker fuel from Praxis Dubai.

13. On October 19, 2019, pursuant to that order, bunker fuel was delivered to the M/V OCEANMASTER by Al Arabia Bunkering Company LLC ("Al Arabia") as physical suppliers. Praxis Dubai invoiced Platina $271,427.60 for the bunker fuel.

14. On October 21, 2019, Platina paid $271,429.60 to Praxis Dubai in satisfaction of its invoice for the bunker fuel delivered to the M/V OCEANMASTER.

15. However, Praxis Dubai never paid Al Arabia its invoice of AED 980,596.41 for the bunker fuel.

16. Because of Praxis Dubai's non-payment, Al Arabia obtained an arrest order against the M/V OCEANMASTER in Fujairah, U.A.E. and arrested the vessel on November 27, 2019.

17. As the time charterer/disponent owner of the M/V OCEANMASTER, Platina warranted to the vessel Owner that it would keep the vessel free and clear of all liens, etc.

Accordingly, Platina was obligated to resolve Al Arabia's claim despite having already paid Praxis Dubai for the same bunker fuel.

18. On December 2, 2019, Platina settled the claim with Al Arabia Bunkering Company LLC for a total of $148,472 and received from Al Arabia an assignment of its rights against Praxis Dubai up to the amount of the settlement.

19. While the settlement was being negotiated, the M/V OCEANMASTER remained under arrest until December 4, 2019 at 1200 hrs. local time when she was released. The damages suffered by Platina due to the time lost at Fujairah as a result of the arrest by Al Arabia totals $147,335.90, plus attorneys' fees of $20,000.

20. Thus, the total damages suffered by Platina due to Praxis Dubai's failure to pay Al Arabia is $315,807.90, plus interest from December 4, 2019.

## ALTER EGO RELATIONSHIP AMONG DEFENDANTS

21. As also alleged in the New York action, all three Defendants carry out business operations as if they are operating as one entity and are alter egos of one another.

22. The three Defendants have or have had overlapping officers and directors. Theodosios Kyriazis was the manager of Praxis Dubai. He is also a director and sole shareholder of Praxis Singapore. Mr. Kyriazis identifies himself as the Legal Advisor for Praxis Singapore and Praxis US. Mr. Kyriazis is also identified as the director and registered agent for Praxis US.[1]

23. The Defendants' correspondence is intended to confuse its customers. All of the forms used by all three Defendants are identical. Each form identifies the company as only "Praxis Energy Agents," just at different addresses.

---

[1] Mr. Kyriazis holds the email address *legal.control@praxisenergyagents.com.*

24. All three Defendants shared a common Internet address.[2]

25. All three Defendants utilized the same General Terms and Conditions for the Sale of Marine Bunker Fuels and Lubricants.

26. Upon information and belief, the Defendants comingle their assets. Praxis Dubai shifted assets to Praxis Singapore at the same time as Praxis Dubai was failing to pay Al Arabia for the bunkers supplied to the Plaintiff's vessels and the M/V OCEANMASTER was arrested by Al Arabia.

27. Mr. Kyriazis dominates and controls the Praxis Defendants and disregards their corporate form to the extent that each is actually carrying on business and operations as one joint entity. Defendants are alter egos, each liable for the debts of the other.

28. Insofar as Defendants' Terms and Conditions may apply to this dispute, they allow for the awarding of legal fees to the successful party. Plaintiff prays that it be awarded legal fees incurred in the pursuit of this judgment totaling $100,000.00. (**Exhibit 1**, ¶ 22.03).

29. The Praxis General Terms and Conditions applicable to the supply of fuel to the M/V OCEANMASTER provide for all disputes to be resolved in the United States District Court for the Southern District of New York.

## RULE B MARITIME ATTACHMENT

30. As noted above, Plaintiff commenced suit against all three Defendants in the United States District Court for the Southern District of New York on June 25, 2020.

31. In addition to seeking damages due to Defendants' non-payment to Al Arabia of the fuel supplied to the M/V OCEANMASTER (despite Platina having paid Praxis Dubai in full) Plaintiff's New York Complaint also prays that the three Defendants be found to be alter egos of

---

[2] *See* http://www.praxisenergyagents.com.

one another, each responsible for these liabilities. The presiding Judge Naomi Buchwald denied the Defendants Praxis Singapore and Praxis US's Motion to Dismiss pursuant to *Fed. R. Civ. P.* 12b(2), (3), and (6), concluding that Platina has properly pleaded alter ego allegations against the Defendants. (**Exhibit 2**).

32. Defendants are liable to Plaintiff in the amount of $315,807.90 plus estimated legal fees of $100,000.00, and interest from December 4, 2019, for failure to satisfy Al Arabia's invoice, despite demand and being duly paid to do so.

33. Upon information and belief, none of the Defendants can be found within the District as that term is used in Rule B or the Supplemental Rules for Admiralty or Maritime Claim and Asset Forfeiture Actions ("Supplemental Rules").

34. Upon information and belief, non-party Cooper & Bilbrey P.C., has an office and place of business in this Judicial District.

35. Upon information and belief, Defendants' property is or soon will be in the possession of Cooper & Bilbrey P.C. in this District. In particular, in an action pending in this Court entitled *Carl Schröter v. Smooth Navigation,* 2:20-cv-334-RMG, Praxis Energy Agents LLC filed an intervening Complaint alleging that they had provided fuel to the M/V EVOLUTION and that they are entitled to recover the value of that fuel from the proceeds of the sale of the M/V EVOLUTION. Pursuant to an Order dated June 8, 2022, the Honorable Richard M. Gergel ordered that Praxis Energy Agents LLC be paid $280,220.37 from the registry of the Court and that these funds be remitted to its counsel, Cooper & Bilbrey, P.C. (ECF 172).

36. Since Defendants' funds will soon be sent to its attorneys Cooper & Bilbrey P.C. Plaintiff seeks a writ of attachment directed to any and all of Defendants' funds in the hands of said garnishee in this Judicial District as security for its now pending New York Action.

37. As demonstrated by the attached declaration, Plaintiff has searched for the Defendants in this Judicial District but has been unable to locate any offices or other conditions that would subject Defendants to being "found" within the District within the meaning of Supplemental Rule B.

38. Accordingly, the Plaintiff seeks an order from this Court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Supplemental Rule B attaching, *inter alia*, property of the Defendants held by Cooper & Bilbrey P.C., and Cooper & Bilbrey's bank as garnishees, within the District, for the purpose of obtaining security for the now pending New York proceedings.

**WHEREFORE**, Plaintiff prays:

A. That process in due form of law issue against the Defendants, citing them to appear and answer under oath all and singular the matters alleged in the Verified Complaint, failing which default judgment be entered against it in the sum of **US $415,807.90.**

B. That since the Defendants cannot be found within this District pursuant to Rule B of the Supplemental Rules, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment attaching all goods, chattels, credits, letters of credit, bills of lading, funds, effects, debts and monies, tangible or intangible, or any other funds up to the amount of **US $415,807.90** belonging to, due or being transferred to, from, or for the benefit of the Defendants **PRAXIS ENERGY AGENTS DMCC, PRAXIS ENERGY AGENTS LLC, and PRAXIS ENERGY AGENTS PTE LTD.,** including but not limited to such property as may be held, received or transferred in any Defendant's name or as may be held, received or transferred for its benefit at, moving through, or within the possession, custody or control of Cooper & Bilbrey P.C., or any Cooper & Bilbrey's banking/financial institutions and/or other institutions or such

other garnishees to be named, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Rule B answer the matters alleged in the Verified Complaint.

      C.      That this Court award Plaintiff the attorneys' fees and costs incurred in this action; and

      D.      That the Plaintiff have such other, further, and different relief as the Court deems just, proper, and equitable.

Respectfully submitted this 12th day of June 2022 at Charleston, South Carolina.

|  | HINES & GILSENAN LLC<br><br>By: /s/ Julius H. Hines<br>Ryan Gilsenan, Fed I.D. No. 9837<br>Julius H. Hines, Fed. I.D. No. 5807<br>Edward N. Smith, Fed I.D. No. 13429<br>1535 Hobby Street, Suite 203-D<br>Charleston Navy Yard<br>North Charleston, SC 29405<br>T: 843.266.7577<br>gilsenan@hinesandgilsenan.com<br>hines@hinesandgilsenan.com<br>smith@hinesandgilsenan.com<br><br>*Counsel for the Plaintiff* |
|---|---|

## **ATTORNEY VERIFICATION**

Ryan D. Gilsenan, an attorney duly authorized to practice before this Honorable Court, under the penalty of perjury of the laws of the United States, declares as follows:

1. My name is Ryan D. Gilsenan.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am an attorney at Hines & Gilsenan LLC, attorneys for the Plaintiff.

4. I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information, and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7. I am authorized to make this Verification on behalf of the Plaintiff.

8. The foregoing is true and correct under penalty of perjury of the laws of the United States of America.

Dated: June 10, 2022

Charleston, South Carolina

_____
Ryan D. Gilsenan