UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------X
PLATINA BULK CARRIERS PTE LTD,

                Plaintiff,                  **MEMORANDUM AND ORDER**

        - against -               20 Civ. 4892 (NRB)

PRAXIS ENERGY AGENTS DMCC,
PRAXIS ENERGY AGENTS LLC, and
PRAXIS ENERGY AGENTS PTE LTD,

                Defendants.

-------------------------------X
**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

Plaintiff Platina Bulk Carriers Pte Ltd. ("Platina") brings this action invoking the admiralty jurisdiction of the federal courts against defendants Praxis Energy Agents DMCC ("Praxis Dubai"), Praxis Energy Agents LLC ("Praxis U.S."), and Praxis Energy Agents Pte Ltd. ("Praxis Singapore"). This case arises out of contracts between Platina and Praxis Dubai for Praxis Dubai to supply bunker fuel for two vessels chartered by Platina. Although Platina paid Praxis Dubai for the fuel, Praxis Dubai failed to pay its debts to a third party that physically delivered the bunker fuel to Platina's vessels. Consequently, the physical supplier seized one of Platina's vessels and Platina was forced to satisfy Praxis Dubai's debts related to that vessel to lift the seizure. The physical supplier has also threatened to seize Platina's other vessel.

In the amended complaint ("Complaint" (ECF No. 13)), Platina asserts claims for indemnification for damages it sustained from the seizure of the first vessel and might sustain in the event that the other vessel is seized. Platina also seeks to hold Praxis U.S. and Praxis Singapore responsible for Praxis Dubai's liabilities under the theory that they are the alter egos of Praxis Dubai.

Praxis U.S. and Praxis Singapore (together, "Moving Defendants") now move to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(2), (3), and (6) for lack of personal jurisdiction, improper venue, and failure to state a claim upon which relief can be granted.[1]   (ECF No. 44.)   For the reasons below, the motion is denied.

## BACKGROUND[2]

The facts of this case, which were first summarized in our October 15, 2020 Opinion granting Platina's motion for alternative service, Platina Bulk Carriers Pte Ltd. v. Praxis Energy Agents DMCC, No. 20 Civ. 4892 (NRB), 2020 WL 6083275 (S.D.N.Y. Oct. 15, 2020), are straightforward.

---

[1]    Praxis Dubai is not a party to the instant motion. Platina has obtained a certificate of default against Praxis Dubai because it has failed to timely respond to the Complaint. (ECF No. 52.)

[2]    The following is a summary of the factual allegations from the Complaint, which we assume to be true for purposes of this motion to dismiss.

At all times relevant for this lawsuit, Platina was the disponent owner, or time charterer, of two bulk carrier vessels, the OCEANMASTER and the OCEANBEAUTY (together, the "Vessels"). In October 2019, Platina entered into a contract with Praxis Dubai, an Emirati company that operated its business in Dubai selling bunker fuel, to purchase fuel for the Vessels (the "Contract" (ECF No. 26)). Praxis Dubai arranged for Al Arabia Bunkering Company LLC to physically supply the fuel to the two vessels.

In October 2019, Al Arabia delivered the fuel to the Vessels. Within a few days of delivery, Platina paid invoices of $271,429.60 and $272,822.50 to Praxis Dubai for fuel supplied to the OCEANMASTER and OCEANBEAUTY, respectively. Praxis Dubai, however, failed to pay Al Arabia for physically supplying the fuel to the Vessels. As a consequence, Al Arabia obtained an arrest order and arrested the OCEANMASTER in November 2019. To lift the arrest, Platina paid Al Arabia $148,472 in December to satisfy the debt owed by Praxis Dubai, despite Platina having already paid Praxis Dubai $271,429.60 for the same fuel. As part of the settlement, Al Arabia assigned all of its rights against Praxis Dubai to Platina up to the amount paid.

Allegedly, Praxis Dubai was transferring its assets to Praxis Singapore at the same time that it was breaching its obligation to pay Al Arabia. Praxis Dubai has since closed its offices and ceased doing business.

While Al Arabia has not yet arrested the OCEANBEAUTY, it has threatened to do so.  In the event of that arrest, Platina claims that it will be contractually responsible to the owner of the OCEANBEAUTY for any damages caused by the arrest.  Platina therefore seeks damages arising from the OCEANMASTER arrest and other relief that it may be entitled to receive related to the arrest of the OCEANMASTER and threatened arrest of the OCEANBEAUTY. Platina further seeks to hold Praxis U.S. and Praxis Singapore legally responsible for Praxis Dubai's liabilities under a corporate alter ego theory.

## LEGAL STANDARDS

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  In assessing the sufficiency of a complaint, we "accept[] as true all factual allegations in the complaint, and draw[] all reasonable inferences in the plaintiff's favor."  Barrows v. Burwell, 777 F.3d 106, 111 (2d Cir. 2015).

The legal standards governing pre-discovery motions to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2) and for improper venue under Federal Rule of Civil Procedure 12(b)(3) are similar. Arma v. Buyseasons, Inc., 591 F. Supp. 2d 637, 648 (S.D.N.Y. 2008). In both instances, plaintiff has the burden of making a prima facie showing that jurisdiction and venue is proper. See MacDermid, Inc. v. Deiter, 702 F.3d 725, 727 (2d Cir. 2012) (citation omitted); Arma, 591 F. Supp. 2d at 648 (citation omitted). Where, as here, a plaintiff is relying on a contractual forum selection clause to establish personal jurisdiction over the defendants and venue, plaintiffs can make this prima facie showing by pleading facts sufficient to establish that the forum selection clause is enforceable against the moving defendants. See Lisa Cooley, LLC v. Native, S.A., No. 20 Civ. 5800 (VEC), 2021 WL 860591, at *5 (S.D.N.Y. Mar. 5, 2021) (citations omitted).

In determining whether plaintiff has made a prima facie showing of personal jurisdiction and venue, we accept all factual allegations in the complaint to be true and draw all reasonable inferences in the plaintiff's favor. See Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A., 722 F.3d 81, 85-86 (2d Cir. 2013); Martinez v. Bloomberg LP, 883 F. Supp. 2d 511, 513 (S.D.N.Y 2012). In addition to the facts alleged in the complaint, we may also consider on a motion to dismiss "any written instrument attached

to [the complaint] as an exhibit, materials incorporated in it by reference, and documents that, although not incorporated by reference, are integral to the complaint." Sira v. Morton, 380 F.3d 57, 67 (2d Cir. 2004) (citations and internal quotation marks omitted).

## DISCUSSION

### I.   Personal Jurisdiction, Venue, and Alter Ego Liability

We first address the Moving Defendants' arguments on personal jurisdiction, venue, and alter ego liability, all of which turn on whether Platina, at the pre-discovery motion to dismiss stage, has alleged facts sufficient to state a prima facie case for piercing the corporate veil between the three defendants.

### A.   Personal Jurisdiction

The Moving Defendants first argue that this Court lacks personal jurisdiction over them because they were not parties to the Contract between Platina and Praxis Dubai and never consented to jurisdiction in this forum.[3]

---

[3]      There is no dispute that the Court may not exercise jurisdiction over the Moving Defendants under a theory of general personal jurisdiction, as Praxis U.S. is a Texas limited liability company with a principal place of business in Texas and Praxis Singapore is a Singaporean private limited company with a principal place of business in Singapore.

It is well-established that parties can consent to personal jurisdiction by contract.[4]  D.H. Blair & Co. v. Gottdiener, 462 F.3d 95, 103 (2d Cir. 2006).  Courts uphold contractual clauses consenting to jurisdiction if they were reasonably communicated to the moving party, they were not obtained through fraud or overreaching, and their enforcement would not be unreasonable and unjust.  Id.

Here, the Contract sets forth standard form terms and conditions for fuel purchases made from Praxis Dubai, Praxis Singapore, or Praxis U.S.[5]  One of the contractual terms states that "any disputes and/or claims arising in connection with these Conditions and/or any agreement governed by them, shall be submitted to the United States District Court for the Southern District of New York."  (Contract § 22.02.)  While all three defendants use the same terms and their names all appear on the

_____

[4]     A party's consent to personal jurisdiction obviates the need to conduct a separate analysis of whether exercising jurisdiction over that party comports with due process.  EGI-VSR, LLC v. Huber, No. 19 Civ. 6099 (ER), 2020 WL 1489790, at *5 (S.D.N.Y. Mar. 27, 2020) (citing cases).

[5]     The Moving Defendants argue that Platina is relying on an outdated version of the applicable terms and conditions and that the operative terms and conditions, which the Moving Defendants attach to their motion, do not provide for venue or jurisdiction in the U.S. District Court for the Southern District of New York.  However, for purposes of assessing a pre-discovery motion to dismiss on these grounds, we must accept Platina's allegations as true and resolve factual disputes raised by the parties' filings in plaintiff's favor. See Whitaker v. Am. Telecasting, Inc., 261 F.3d 196, 208 (2d Cir. 2001).  We therefore accept that the contract incorporated by reference in Platina's Complaint is the one Platina furnished to the Court.  (ECF No. 26.)  Whether that contract was in fact the agreement governing the Platina-Praxis Dubai relationship is a factual dispute that must be settled at a later stage of the case.

2:22-cv-01851-RMG    Date Filed 06/12/22    Entry Number 1-2    Page 8 of 15

Case 1:20-cv-04892-NRB   Document 59   Filed 09/10/21   Page 8 of 15

face of the Contract, Platina alleges only that it entered into the Contract with Praxis Dubai.   Thus, only Praxis Dubai has consented to litigate disputes arising out of the Contract in this forum; the Moving Defendants have not.  That, however, is not the end of the analysis.  The Complaint also alleges that Praxis Singapore and Praxis U.S. are alter egos of Praxis Dubai.  Because Platina has adequately alleged that Praxis Dubai has consented to jurisdiction in this forum and because alter egos are treated as a single entity for purposes of personal jurisdiction, see Wm. Passalacqua Builders, Inc. v. Resnick Devs. S., Inc., 933 F.2d 131, 142-43 (2d Cir. 1991), this Court's jurisdiction over the Moving Defendants hinges on whether they are alter egos of Praxis Dubai.  We discuss the sufficiency of the alter ego allegations below.

**B.    Venue**

The Moving Defendants next contend that venue is improper in this District, as they never entered into the Contract underlying this lawsuit and thus none of the federal venue statute factors under 28 U.S.C. § 1391(b) can be satisfied.  To start, this case arises under the Court's admiralty jurisdiction and thus Section 1391(b) does not govern.  See 28 U.S.C. § 1390(b) ("[T]his chapter shall not govern the venue of a civil action in which the district court exercises the jurisdiction conferred by section 1333," the federal admiralty jurisdiction statute.)

- 8 -

In any event, as with personal jurisdiction, parties can consent to venue in the admiralty context through a contractual forum selection clause. See Liberty Highrise Pvt. Ltd. v. Praxis Energy Agents DMCC, No. 20 Civ. 2427 (RA), 2021 WL 1226873, at *5 (S.D.N.Y. Mar. 31, 2021). Moreover, as discussed above, a forum selection clause may be enforced against a company's alter ego. See CapLOC, LLC v. McCord, No. 17 Civ. 5788 (ATR), 2018 WL 3407708, at *8 (S.D.N.Y. June 12, 2018). As the Moving Defendants offer no reason why the venue selection clause in the Contract cannot be enforced against Praxis Dubai, the determination of whether venue is proper in this District likewise turns on whether the Moving Defendants are alter egos of Praxis Dubai.

## C.   Alter Ego

Under federal common law,[6] a plaintiff may pierce the corporate veil between affiliated companies under an alter ego theory if it can show that "an alter ego was used to perpetrate a fraud or was so dominated and its corporate form so disregarded

---

[6]    The Platina-Praxis Dubai Contract states that "any disputes, differences, claims and/or other matters relevant hereto, shall be governed by the General Maritime Law of the United States of America" (Contract § 22.01), and the Moving Defendants accordingly submit that federal common law controls the question of alter ego liability. While Platina briefs the issue according to both federal common law and New York law, it does not expressly dispute that federal common law controls. We therefore find that the parties have consented to the application of federal common law to determine the issues of veil piercing and alter ego liability and thus do not need to perform a choice-of-law analysis. See Louis Dreyfus Co. Freight Asia Pte LTD v. Uttam Galva Metallics Ltd., 256 F. Supp. 3d 509, 513 n. 6 (S.D.N.Y. 2017) (citing Blue Whale Corp. v. Grand China Shipping Dev. Co., 722 F.3d 488, 495-500 (2d Cir. 2013)).

that the alter ego primarily transacted [another entity's] business rather than [its] own corporate business." <u>Clipper Wonsild Tankers Holding A/S v. Biodiesel Ventures, LLC</u>, 851 F. Supp. 2d 504, 509 (S.D.N.Y. 2012) (citation and internal quotation marks omitted).  Whether to pierce the corporate veil is a fact-specific inquiry and relevant, but not exhaustive, factors informing this inquiry include:

> (1) disregard of corporate formalities; (2) inadequate capitalization; (3) intermingling of funds; (4) overlap in ownership, officers, directors, and personnel; (5) common office space, address and telephone numbers of corporate entities; (6) the degree of business discretion shown by the allegedly dominated corporation; (7) whether the dealings between the entities are at arm[']s length; (8) whether the corporations are treated as independent profit centers; (9) payment or guarantee of the corporation's debts by the dominating entity, and (10) intermingling of property between the entities.

<u>Id.</u> at 509-10 (citations omitted).  No one factor is dispositive and "[t]here is no set rule as to how many of these factors must be present to warrant piercing the corporate veil." <u>Williamson v. Recovery Ltd. P'ship</u>, 542 F.3d 43, 53 (2d Cir. 2008) (citation omitted).  Rather, "the general principle guiding courts in determining whether to pierce the corporate veil has been that liability is imposed when doing so would achieve an equitable result." <u>Id.</u> (citation omitted).

Here, Platina alleges that an individual named Theodosios Kyriazis was the manager of Praxis Dubai, the director and sole shareholder of Praxis Singapore, and the director of Praxis U.S. (Compl. ¶ 25.)   Plaintiffs also allege that Mr. Kyriazis holds himself out as the legal advisor of both Praxis U.S. and Praxis Singapore. (Id.)   Further, all three defendants use a common web address—www.praxisenergagents.com—that also the domain name for Mr. Kyriazis's email account through which he conducts official business on behalf of the Praxis entities.  (Id. ¶ 27; see id. ¶ 25.)   Moreover, defendants hold themselves out to the public as conducting the same business pursuant to the exact same terms and conditions contained on a standard form bearing the names of all three defendants next to each other.  (Id. ¶¶ 26, 28; see Contract § 1.00 ("These terms and conditions, which can be found also at www.praxisenergyagents.com are the general standard terms and conditions under which each of the companies . . . is prepared to enter [into an] agreement . . . to supply to the Buyer [bunker fuel].").)   Additionally, Platina alleges on information and belief that the defendants commingled their assets and that Praxis Dubai even transferred assets to Praxis Singapore at the same time that it was in breach of its obligation to pay Al Arabia for physically supplying the fuel to the Vessels.  (Compl. ¶ 29.)

These allegations and the reasonable inferences derived therefrom plausibly establish that the three companies have

overlapping personnel (including one individual who appears to be the key person at all three entities), that they publicly hold themselves out on a single web address to conduct the exact same business, and that Praxis Dubai likely used its corporate sister company to shelter assets while evading obligations to its vendor. In light of these allegations, we find that Platina has stated a prima facie case to pierce the corporate veil between the three defendants and thus may proceed to discovery on that issue.

We are not the only court to reach this conclusion with respect to these defendants. Earlier this year, Judge Abrams similarly determined that the plaintiff in a separate case had stated a prima facie case for piercing the corporate veil between Praxis Dubai and Praxis Singapore. Liberty Highrise, 2021 WL 1226873, at *4. In Liberty Highrise, as here, the plaintiff alleged that the Praxis entities had overlapping leadership, appeared to engage in a transaction that was not at arm's length, used the same internet domain name and email addresses when interacting with the public, conducted the same type of business, and sold the same products under the same terms and conditions, all of which was sufficient to show a disregard for the corporate form. Id.

Having made a prima facie showing that Praxis U.S. and Praxis Singapore are alter egos of Praxis Dubai for purposes of establishing personal jurisdiction and venue, it would be

premature to grant the Moving Defendants' motion to dismiss for failure to state a claim as to liability, which is likewise predicated on Platina's ability to prove that the corporate veil should be pierced.

## II.   Declaratory Judgment for the OCEANBEAUTY

Perhaps anticipating that Platina might eventually move for a declaratory judgment that defendants are responsible for sums that Platina might have to pay in the event that Al Arabia ever follows through with its threat to arrest the OCEANBEAUTY, the Moving Defendants seek to dismiss with prejudice any claim for declaratory relief Platina might have with respect to that Vessel.

We agree with the Moving Defendants that a declaratory judgment that the defendants will be liable for any damages that might arise out of the arrest of the OCEANBEAUTY is premature at this time.  To start, whether Al Arabia ever acts upon its threat to arrest the OCEANBEAUTY and whether the OCEANBEAUTY ever travels to a jurisdiction where it can be lawfully arrested remain speculative and contingent.  Moreover, whether it is appropriate to declare the Moving Defendants liable for any damages that might flow from the OCEANBEAUTY's arrest for Praxis Dubai's failure to pay Al Arabia hinges on whether Platina can ultimately prove alter ego liability.

However, the Complaint does not explicitly allege a claim for declaratory relief[7] and Platina has not yet moved for a declaratory judgment related to the OCEANBEAUTY.   Given that the Court has subject matter jurisdiction over this action, that Platina has made a prima facie showing of personal jurisdiction over the Moving Defendants, and that Platina may proceed with its claims related to the OCEANMASTER, we are unwilling to dismiss with prejudice at this juncture any potential claim for declaratory relief related to the OCEANBEAUTY that might ripen during the pendency of this case.  If, and when, Platina files a motion for declaratory relief, we will assess the ripeness and appropriateness of a declaratory judgment at that time.

## CONCLUSION

For the reasons above, Moving Defendants' motion to dismiss is denied.  With respect to the issues of personal jurisdiction, venue, and alter ego liability, the motion is denied because Platina has stated a prima facie case for piercing the corporate veil under an alter ego theory.  The Moving Defendants' motion to dismiss with prejudice any claim for declaratory relief related to the OCEANBEAUTY is denied; however, should Platina file a motion

---

[7]      The Complaint does, however, pray for any "other relief" that Platina may be entitled to receive beyond the damages it can prove at trial. (Compl. at 5-6.)

- 14 -

for declaratory judgment, the Moving Defendants may renew their arguments at that time.

The Clerk of Court is respectfully directed to terminate the motion pending at ECF No. 44.

**SO ORDERED.**

Dated:      New York, New York
            September 10, 2021

_____
NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE