IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION
IN ADMIRALTY

| | |
|---|---|
| PLATINA BULK CARRIERS PTE LTD, | Civil Action No.: 2:22-cv-1851-RMG |
| Plaintiff, | |
| vs. | **MOTION FOR ORDER DIRECTING PROCESS OF MARITIME ATTACHMENT** |
| PRAXIS ENERGY AGENTS DMCC, PRAXIS ENERGY AGENTS LLC, and PRAXIS ENERGY AGENTS PTE LTD. | |
| Defendants. | |

Plaintiff Platina Bulk Carriers Pte Ltd., ("Plaintiff" or "Platina") submits the within Motion for an Order Directing Process of *Ex Parte* Maritime Attachment and Garnishment. Plaintiff has satisfied all requirements necessary to obtain a maritime attachment pursuant to Rule B of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure.

## FACTUAL AND PROCEDURAL BACKGROUND

On or before October 18, 2019, Platina, as time charterer of the M/V OCEANMASTER, ordered bunker fuel from Defendant Praxis Energy Agents DMCC ("Praxis Dubai"). On October 18, 2019, Al Arabia Bunkering Company ("Al Arabia"), as physical suppliers, provided the fuel to the vessel. Platina paid Praxis Dubai $271,427.60 for the fuel, but Praxis never paid Al Arabia. Al Arabia then arrested the M/V OCEANMASTER. On December 2, 2019, Platina settled the claim with Al Arabia for a total of $148,472 and received from Al Arabia an assignment of its rights against Praxis Energy Agents Pte Ltd., up to the amount of the settlement. While the settlement was being negotiated, the vessel remained under arrest. The damages suffered by Platina

1

due to the time lost as a result of the arrest by Al Arabia totals $147,335.90, plus attorneys' fees of $20,000. The total damages suffered by Platina due to Praxis Energy Agents Pte Ltd.'s failure to pay Al Arabia totals $315,807.90, plus interest from December 4, 2019. Pursuant to the Defendants' terms and conditions, legal fees are available to the successful party. Plaintiff estimates it will incur fees of $100,000.00 pursing justice.

To recover, among other things, this debt, Platina field suit in the United States District Court for the Southern District of New York against Praxis Dubai as well as against its sister companies, Praxis Energy Agents Pte. Ltd. ("Praxis Singapore") and Praxis Energy Agents LLC ("Praxis US"), docket No. 1:20-CV-04892-NRB, on the grounds that these entities are alter egos and each is liable for the debts of the others.

Praxis US and Praxis Singapore moved to dismiss that Complaint on the grounds that Platina's Complaint failed to allege causes of action against them pursuant to *Fed. R. Civ. P*. 12(b)(6), among other grounds. In an Opinion and Order dated September 10, 2021, the U.S. District Court for the Southern District of New York, the Honorable Naomi R. Buchwald, denied the motion, holding *inter alia,* that Platina's Complaint properly alleged an alter ego cause of action against Praxis Singapore and Praxis Dubai. (20-CV-04892-NRB, ECF 59)(**Exhibit 2** to Verified Complaint filed in the above-captioned action).

Defendants' property is or soon will be in the possession of Cooper & Bilbrey P.C. in this District. In particular, in an action pending in this Court entitled *Carl Schröter v. Smooth Navigation*, 2:20-cv-334-RMG, Praxis Energy Agents LLC filed an intervening Complaint alleging that they had provided fuel to the M/V EVOLUTION and that they are entitled to recover the value of that fuel from the proceeds of the sale of the M/V EVOLUTION. Pursuant to an Order dated June 8, 2022, the Honorable Richard M. Gergel ordered that Praxis Energy Agents

LLC be paid $280,220.37 from the registry of the Court and that these funds be remitted to its counsel, Cooper & Bilbrey, P.C. (ECF 172). Platina seeks to attach these funds in the hands of Cooper & Bilbrey P.C. or in the custody of its bank.

Plaintiff submits this motion and memorandum of law in support of its prayer for the issuance of an *ex parte* Order of Attachment for the cost of the bunker fuel paid to Praxis Dubai together with interest, attorneys' fees, and damages for the time lost as a result of the Vessel arrest, totaling $418,807.90.

## **LEGAL STANDARD**

Maritime attachment is a feature of admiralty jurisprudence that antedates both the congressional grant of admiralty jurisdiction to the federal district courts and the promulgation of the first Supreme Court Admiralty Rules in 1844. *Vitol, S.A. v. Primerose Shipping Co.*, 708 F.3d 527, 537 fn. 5 (4th Cir. 2013) (citing *Aurora Mar. Co. v. Abdullah Mohamed Fahem & Co.,* 85 F.3d 44, 47 (2d Cir.1996)). In fact, "[t]he use of the process of attachment in civil causes of maritime jurisdiction by courts of admiralty ... has prevailed during a period extending as far back as the authentic history of those tribunals can be traced." *Vitol, S.A.*, 708 F.3d at 537 fn. 5; (quoting *Atkins v. The Disintegrating Co.,* 85 U.S. (18 Wall.) 272, 303, 21 L.Ed. 841 (1874)). The power to grant attachments in admiralty is an inherent component of the admiralty jurisdiction given to the federal courts under Article III of the Constitution. U.S. Const. art. III, § 2. The power's historical purpose has been two-fold: first, to gain jurisdiction over an absent defendant; and second, to assure satisfaction of a judgment. *Vitol, S.A.*, 708 F.3d at 537 fn. 5; *Swift & Co. Packers v. Compania Colombiana Del Caribe, S.A.,* 339 U.S. 684, 693, 70 S.Ct. 861, 94 L.Ed. 1206 (1950).

Supplemental Rule B provides in pertinent part:

> If a defendant is not found within the district when a verified complaint praying for attachment and the affidavit required by Rule B(1)(b) are filed,

> a verified complaint may contain a prayer for process to attach the defendant's tangible or intangible personal property—up to the amount sued for—in the hands of garnishees named in the process.

*Fed. R. Civ. P.* Adm. Supp. R. B(1)(a); *Vitol, S.A.*, 708 F.3d at 536–37.

Rule B attachments are a "quasi *in rem* proceeding which permits the assertion of jurisdiction over a defendant's property located within the district even though the court has no in *personam* jurisdiction over the defendant." *Hays Tug & Launch Servs., Inc. v. Draw Events, LLC*, 364 F. Supp. 3d 365, 369 (D.N.J. 2019) (quoting *Kabushiki Kaisha v. Kraiem*, 2015 WL 5770504, at *3 (D.N.J. 2015)); *see also Vitol, S.A.,* 708 F.3d at 537.

Under Supplemental Rule B, "an order of maritime attachment must issue upon a minimal prima facie showing," that the defendant cannot be "found within" the federal district in which the assets are to be attached. *Harbor Pilots of NY NJ, LLC v. Bouchard Transportation Co., Inc.*, 474 F. Supp. 3d 727, 729 (D. Md. 2020); *DS Bulk Pte. Ltd. v. Calder Seacarrier Corp.*, 05 Civ. 10146 (SHS), 2006 U.S. Dist. LEXIS 39242, at *3 (S.D.N.Y. June 13, 2006)(citing *Fed. R. Civ. P*. Supp. R. B advisory committee's 1985 note ("The . . . order will issue when the plaintiff makes a *prima facie* showing that he has a maritime claim against the defendant in the amount sued for and the defendant is not present in the district.")). To obtain an order of attachment, "the plaintiff or the plaintiff's attorney must sign and file with the complaint an affidavit stating that, to the affiant's knowledge, or on information and belief, the defendant cannot be found within the district." *Fed. R. Civ. P*. Supp. R. B(1)(b); *Harbor Pilots of NY NJ, LLC*, 474 F. Supp. 3d at 729; *see also Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd.*, 460 F.3d 434, 447 (2d Cir. 2006) (abrogated on other grounds) ("The court will not engage in a fact intensive inquiry regarding the technical requirements of Rule B at the attachment stage.")

The plaintiff must meet four prerequisites to secure a writ of attachment:

(1) the plaintiff has an *in personam* claim against the defendant;

(2) the defendant cannot be found within the district where the action is commenced;

(3) property belonging to the defendant is present within the district; and

(4) there is no statutory or general maritime law proscription to the attachment.

*Harbor Pilots of NY NJ, LLC,* 474 F. Supp. 3d at 729 (D. Md. 2020); *Tango Marine, S.A. v. Elephant Grp. Ltd.,* 431 F. Supp. 3d 726, 729 (E.D. Va. 2020)*; Vitol, S.A. v. Primerose Shipping Co. Ltd.,* 708 F.3d 527, 541 (4th Cir. 2013); *Aqua Stoli Shipping Ltd.,* 460 F.3d at 445, *abrogated on other grounds by Shipping Corp. of India Ltd. v. Jaldhi Overseas Pte Ltd.,* 585 F.3d 58 (2d Cir. 2009); *Evridiki Navigation. Inc. v. Sanko S.S. Co. Ltd.,* 880 F. Supp. 2d 666 (D. Md. 2012)*; accord* THOMAS J. SCHOENBAUM, ADMIRALTY AND MARITIME LAW § 21:3 (6th ed. November 2019 Update).

## **LEGAL ARGUMENT**

**I.     The Funds being paid to Praxis US in care of Praxis US's Attorneys' and/or their Bank are Subject to Rule B Attachment.**

As discussed herein, Plaintiff has satisfied the four requirements to secure a writ of maritime attachment.

As to the first requirement, breach of a contract for the supply of bunker fuel gives rise to a maritime claim*. Sing Fuels Pte. Ltd. v. M/V LILA SHANGHAI*, 534 F. Supp. 3d 551, 556 (E.D. Va. 2021) ; *see also, Norfolk S. Ry. Co. v. Kirby*, 543 U.S. 14, 24, 125 S.Ct. 385, 160 L.Ed.2d 283 (2004) (stating that whether a contract is a "maritime contract," "depends upon the nature and character of the contract, and the true criterion is whether it has reference to maritime service or maritime transactions."). *Sing Fuels Pte. Ltd. v. M/V LILA SHANGHAI*, 534 F. Supp. 3d 551, 556 (E.D. Va. 2021).   "The general maritime law of contracts covers contracts such as charter parties, salvage contracts, tug and tow, repair contracts, insurance, and other agreements not

addressed by statutes." *World Fuel Servs. Trading, DMCC v. M/V HEBEI SHIJIAZHUANG*, 12 F. Supp. 3d 792, 805 (E.D. Va. 2014), *aff'd sub nom. World Fuel Servs. Trading, DMCC v. Hebei Prince Shipping Co.*, 783 F.3d 507 (4th Cir. 2015). It is well settled that cases involving marine contracts give rise to admiralty jurisdiction. *See Norfolk S. Ry. Co. v. Kirby*, 543 U.S. 14, 23 (2004).

Moreover, "with respect to maritime claims, a party who may proceed *in rem* may also, or in the alternative, proceed *in personam* against any person who may be liable." *Hays Tug & Launch Servs., Inc.*, 364 F. Supp. 3d at 369. (internal citation omitted). In this case, Praxis Dubai's non-payment of outstanding bunker fuel charges to Al Arabis is a breach of the contract giving rise to a maritime claim.

As alleged in the Verified Complaint, Defendants Praxis US, Praxis Dubai, and Praxis Singapore carry out business operations as if they were operating as one entity and are alter egos of one another. Thus, Praxis US is liable for the collected funds for bunker fuel which Praxis Dubai failed to remit to Al Arabia despite Plaintiff having duly paid Praxis Dubai.

"It is well established that an admiralty court can review questions of ... alter ego." *Vitol, S.A.*, 708 F.3d at 543–44. "[A] corporate entity is liable for the acts of a separate, related entity only under extraordinary circumstances, commonly referred to as 'piercing the corporate veil.'" *Id.; Arctic Ocean Int'l,* 622 F.Supp.2d at 53 (quoting *Dolco Invs., Ltd. v. Moonriver Dev., Ltd.,* 486 F.Supp.2d 261, 271 (S.D.N.Y.2007)). "Although decisions to pierce a corporate veil, exposing those behind the corporation to liability, must be taken reluctantly and cautiously, courts will not hesitate to take such action when justice so requires." *Vitol, S.A.,* 708 F.3d at 543–44; *Keffer v. H.K. Porter Co., Inc.,* 872 F.2d 60, 64 (4th Cir.1989) (citing *In re County Green Ltd. P'ship,* 604 F.2d 289, 292 (4th Cir.1979)). "[I]n extraordinary cases, such as the corporate form being used for

6

wrongful purposes, courts will pierce the corporate veil and disregard the corporate entity, treating the parent corporation and its subsidiary as a single entity." *Vitol, S.A.*, 708 F.3d at 543–44; *Corrigan v. U.S. Steel Corp.,* 478 F.3d 718, 724 (6th Cir.2007). This is just such a case. In this regard, the United States District Court for the Southern District of New York, by the Honorable Naomi R. Buchwald, has already held that a properly pled cause of action for alter ego liability against Praxis US exists. (Case No. 1:20-cv-04892-NRB; ECF 59; **Exhibit 2** to Verified Complaint).

The Declaration of Ryan D. Gilsenan and the Verified Complaint establish the second and third requirements necessary to obtain a Rule B attachment. The Defendants or their agent(s) cannot be "found" within this judicial district. While the Admiralty Rules do not define "found within the district," courts considering the issue have determined apply a three-part test:

> [A] defendant's property... within a district will be subject to attachment ... unless (1) personal jurisdiction can be obtained therein; and (2) he can, with due diligence, be served with process therein; *and* (3) at least where the defendant is a foreign corporation, it does sufficient business within the district to otherwise subject it to the jurisdiction of the court.

*Nikko Shipping Co. v. M/V Sea Wind,* 941 F. Supp. 587, 588–89 (D. Md. 1996)(*citing* 7A JAMES W. MOORE ET AL., MOORE FEDERAL PRACTICE ¶ B.06, at B–252 (2d ed. 1996)).

Defendants are neither subject to the personal jurisdiction of this Court, nor can they be found for service of process withing this district. As established by the Declaration of Ryan D. Gilsenan, none of the Defendants are found within this district.

As to the third requirement, property of the Defendant Praxis US will soon be held in the hands of Cooper & Bilbrey P.C., counsel for Praxis US in a matter pending in this Honorable Court, docket number 2:20-CV-334-RMG. Cooper & Bilbrey has its place of business within this Judicial District. Pursuant to an Order dated June 8, 2022, Cooper & Bilbrey P.C. in its role as

attorneys for Praxis US will receive and be in possession of funds belonging to Praxis US. (2:20-cv-334-RMG, ECF 172).

As to the fourth requirement, there are no statutory or maritime law bars to this attachment.

## **CONCLUSION**

Plaintiff has alleged a *prima facie* maritime claim against Defendants. Defendants cannot be found within the district within the meaning of Supplemental Admiralty Rule B. Defendants' property can or will be found in the hands of garnishee Cooper & Bilbrey P.C., or an account held by Cooper & Bilbrey P.C., which has its place of business in this district. Without an order of maritime attachment from this Court forthwith, Plaintiff will lose its chance to obtain security for its claim against the Defendants and suffer substantial prejudice as a result.

Respectfully submitted this 10th of June 2022 at Charleston, South Carolina.

|  | HINES & GILSENAN LLC<br><br>By: /s/ Ryan Gilsenan<br>Ryan Gilsenan, Fed I.D. No. 9837<br>Julius H. Hines, Fed. I.D. No. 5807<br>Edward N. Smith, Fed I.D. No. 13429<br>1535 Hobby Street, Suite 203-D<br>Charleston Navy Yard<br>North Charleston, SC 29405<br>T: 843.266.7577<br>gilsenan@hinesandgilsenan.com<br>hines@hinesandgilsenan.com<br>smith@hinesandgilsenan.com<br><br>*Counsel for the Plaintiff* |
|---|---|