IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION
IN ADMIRALTY

| | |
|---|---|
| PLATINA BULK CARRIERS PTE LTD, ) | Civil Action No.: 2:22-cv-1851-RMG |
| ) | |
| Plaintiff, ) | |
| ) | **PRAXIS ENERGY AGENTS LLC'S** |
| vs. ) | **MOTION TO DISMISS FOR** |
| ) | **IMPROPER VENUE AND LACK OF** |
| PRAXIS ENERGY AGENTS DMCC, ) | **PERSONAL JURISDICTION** |
| et al., ) | |
| ) | **Restricted Appearance Pursuant to** |
| Defendants. ) | **Supplemental Rule E(8)[1]** |
| ) | |

Praxis Energy Agents, LLC, a Texas corporation ("Praxis U.S.") moves pursuant to Fed. R. Civ. P. 12(b)(3) (improper venue) and Fed. R. Civ. P. 12(b)(2) (lack of personal jurisdiction) for this Court to dismiss this case, and states further as follows:

Plaintiff Platina Bulk Carriers PTE LTD ("Platina") here pleads (Complaint, ECF 1 ¶ 8) as follows:

> 8. As will be discussed more fully herein, Plaintiff has commenced an action in the United States District Court for the Southern District of New York against Defendants (Exhibit 1) in accordance with the General Terms and Conditions for the Sale of Marine Bunker Fuels and Lubricants ("Terms and Conditions"), the contract from which this action and the New York action arise.

---

[1] Supplemental Rule E(8) states as follows:

> (8) Restricted Appearance. An appearance to defend against an admiralty and maritime claim with respect to which there has issued process in rem, or process of attachment and garnishment, may be expressly restricted to the defense of such claim, and in that event is not an appearance for the purposes of any other claim with respect to which such process is not available or has not been served.

Praxis U.S. expressly restricts its appearance in this Court to the defense of Plaintiff's claims in this case.

- 1 -

In Platina's Southern District of New York action, pending since June 25, 2020, *Platina Bulk Carriers Pte Ltd. v. Praxis Energy Agents DMCC et al*., 20-CV-04892-NRB (the "Platina SDNY Litigation"),[2] Platina insists that the exclusive venue and jurisdiction clause of the Terms and Conditions (which Platina also attaches as Exhibit 1 to its Complaint here) control:

> 22.02 Without prejudice to the provisions of clause 22.03 herebelow, any disputes and/or claims arising in connection with these Conditions and/or any agreement governed by them, **shall be submitted to the United States District Court for the Southern District of New York**.

(emphasis added). Platina argued to the U.S. District Court in the Southern District of New York:

> "Parties can consent to personal jurisdiction through forum-selection clauses in contractual agreements." *Leviton Mfg. Co. v. Reeve*, 942 F. Supp. 2d 244, 255 (E.D.N.Y. 2013), *amended* (Mar. 23, 2013) (*citing D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 103 (2d Cir.2006); *Nat'l Equip. Rental, Ltd. v. Szukhent*, 375 U.S. 311, 315-16 (1964)). If the forum selection clause is both valid and applicable, "it is not necessary to analyze jurisdiction under New York's long-arm statute or federal constitutional requirements of due process." *Leviton Mfg. Co*., 942 F. Supp. 2d at 255; (*citing Am. S.S. Owners Mut. Prot. and Indem. Ass'n, Inc. v. Am. Boat Co., LLC*, No. 11 Civ. 6804 PAE, 2012 WL 527209, at *2 (S.D.N.Y. Feb. 17, 2012).
>
> * * *
>
> In the governing terms and conditions, all of the Praxis entities surrender to the personal jurisdiction of this Court. **That should end the inquiry**.

Platina Opposition to Praxis U.S.' Motion to Dismiss in the Praxis SDNY Litigation, ECF 55.[3]

(Emphasis added)

Platina's bringing suit in this District against Praxis U.S. violates the exclusive U.S. District Court in the Southern District of New York's "any disputes and/or claims" venue and jurisdiction clause, which Platina insists on. Platina does not only claim security in this case, it seeks a

---

[2]    Proceedings on CM/ECF at https://ecf.nysd.uscourts.gov/cgi-bin/DktRpt.pl?539298
[3]    Copy at https://storage.courtlistener.com/recap/gov.uscourts.nysd.539298/gov.uscourts.nysd.539298.55.0.pdf

judgment resolving its dispute with Praxis U.S. – the exact same dispute resolution it has been pursing against Praxis U.S. for over two years since 2020, in the Southern District of New York and insisting on the Terms and Conditions exclusive venue and jurisdiction clause.

The court in *Heidmar Trading LLC v. Emirates Trading Agency, LLC*, No. CIV.A. H-11-3847, 2011 WL 5827300, at *7 (S.D. Tex. Nov. 18, 2011) considered a similar exclusive jurisdiction clause to the Terms and Conditions here:

> Each party expressly submits to the exclusive jurisdiction of the Federal and State Courts located in the State of New York and waives any right it may have to a trial by jury in respect to any proceeding relating to this Confirmation or the Transaction.

The *Heidmar* court then found as follows:

> As explained above, the court finds that the forum selection clause at issue here is mandatory and requires dismissal of this case in favor of the courts of the State of New York. **The Supplemental Rule B attachment should be vacated**.
>
> As the court finds that Plaintiff's attachment of the M/T EMIRATES STAR should be vacated because the underlying contracts require that suit be brought only in the State of New York, the court does not reach Plaintiff's alter ego allegations.

(Emphasis added).

The U.S. District Court in the Southern District of New York reached the same conclusion in *Sanko Steamship Co. v. Newfoundland Refining Company*, 411 F. Supp. 285 (S.D.N.Y.1976), *aff'd without opinion*, 538 F.2d 313 (2d Cir. 1976), *cert. denied*, 429 U.S. 858 (1976). Although another Southern District of New York judge later disagreed with *Sanko Steamship*, *Staronset Shipping Ltd. v. N. Star Nav. Inc.*, 659 F. Supp. 189, 191 (S.D.N.Y. 1987), its important to note that the Second Circuit affirmed *Sanko Steamship*; the Second Circuit since has not considered the issue of Rule B attachments, and forum selection clauses.

The court in *Heidmar Trading LLC* also extensively discussed another differing opinion, *Polar Shipping Ltd. v. Oriental Shipping Corp.*, 680 F.2d 627, 632 (9th Cir. 1982), concluding that

the exclusive jurisdiction clause before the court was distinct from the one that the *Polar Shipping* opinion considered.[4]

There is no Fourth Circuit authority on the question of whether, when there is an exclusive venue and jurisdiction clause, a case nevertheless should be permitted to proceed in a venue and jurisdiction, other than the one that the dispute involves. Platina, again, has insisted on the clause to proceed for over two years against Praxis U.S. in the Southern District of New York.

Significantly, both clauses which the *Staronset Shipping* and *Polar Shipping* opinions addressed involved non-U.S. jurisdictions, not parallel, identical litigation with one ongoing for years, before two United States District Courts. In addition, neither considered a situation like this one where the long-ongoing parallel, identical U.S. District Court litigation (as is Platina's Southern District of New York litigation against Praxis U.S.) already has involved months of motions practice and full discovery.

The U.S. District Court in the Southern District of New York's opinion in *China National Chartering Corp. v. Pactrans Air & Sea Inc*., 589 F. Supp. 2d 403 (S.D.N.Y. 2008) applies here. In *China National Chartering*, months before initiation of the parallel Supplemental Rule B-based action in the Southern District of New York, the parties became highly engaged in litigation on the same subject matter in the U.S. District Court in the Northern District of Florida.

After Pactrans initiated a much later Supplemental Rule B action in the Southern District of New York against cross-defendant Devon, Devon moved to vacate the Rule B attachment on

---

[4]   The clause considered in *Polar Shipping*, 680 F.2d at 629 was:

> (b) Any dispute arising under this charter shall be decided by the English Courts to whose jurisdiction the parties agree whatever their domicile may be . . . .

The clause also provides for arbitration. It does not mention "claims."

equitable grounds. Devon argued that both Devon and Pactrans had appeared *in personam* in the Florida action, and that the U.S. District Court in the Northern District of Florida forum – where the litigation had been long-ongoing - was convenient to both parties. *Id.* at 404-05.

The U.S. District Court in the Southern District of New York vacated the Rule B attachments, concluding that equitable vacatur was warranted where "the defendant can show that it would be subject to *in personam* jurisdiction in another jurisdiction convenient to the plaintiff." *Id*. The U.S. District Court concluded that "the fundamental considerations are whether the defendant in fact is subject to *in personam* jurisdiction elsewhere and, if so, whether the district in which that is the case is convenient to the plaintiff or attaching party." *Id.* at 406. Thus, the court concluded that Pactrans could not "be heard to complain of any inconvenience of litigating in the Northern District of Florida inasmuch as it chose to file its own action against Devon there." *Id.* Ultimately, the court granted Devon's motion to vacate the Rule B attachments on the basis that Devon had established that it was subject to *in personam* jurisdiction in another forum that was convenient to both Pactrans and Devon. *Id.*

Platina has not alleged that this Court has *in personam* jurisdiction over Praxis U.S. and depends only to proceed in this District against Praxis U.S. on *quasi in rem* jurisdiction, just as Pactrans did against Devon in *China National Chartering*.

## **CONCLUSION**

This Court consequently on equitable grounds and applying the Southern District of New York jurisdiction clause which Platina insists on, should dismiss this case for improper venue, pursuant to Fed. R. Civ. P. 12(b)(3). This Court also should dismiss this case pursuant to Fed. R. Civ. P. 12(b)(6) because Platina pleads no *in personam* jurisdiction over Praxis U.S. in this District (and there is none).

- 6 -

RESPECTFULLY SUBMITTED BY:

COOPER & BILBREY, P.C.

By: s/Albert G. Bilbrey, Jr.
ALBERT G. BILBREY, JR., ESQUIRE
    Federal Court ID 12938
    South Carolina Bar 103799
    agbilbrey@jhcooper.com
JOHN HUGHES COOPER, ESQUIRE
    Federal Court ID 298
    South Carolina Bar 1387
    State Bar of Georgia 185986
    shiplaw@jhcooper.com
JOHN TOWNSEND COOPER, ESQUIRE
    Federal Court ID 10172
    South Carolina Bar 76087
    jtc@jhcooper.com
PO BOX 22513
Charleston, SC 29413
843-883-9099; fax 843-883-9335

*Attorneys for Defendant, Praxis Energy Agents, LLC*

-AND-

OF COUNSEL
J. Stephen Simms
Simms Showers LLP
201 International Circle
Baltimore, Maryland 21030
jssimms@simmsshowers.com
443-290-8704; fax 410-510-1789

*Pro Hac Vice* Application Forthcoming

October 27, 2022
Charleston, South Carolina